# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among RICO PAN, INC., RAFAEL PEREZ and LIZ CABALLERO, including their heirs, representatives, attorneys, successors, officers, directors, shareholders and assigns, (hereinafter collectively referred to as "Defendants"), and SANDRA RAMIREZ, including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff against Defendants are all claims under:

   - Title VII of the 1964 Civil Rights Act;
   - The Civil Rights Act of 1991;
   - The Age Discrimination in Employment Act;
   - The Older Workers Benefit Protection Act;
   - The Equal Pay Act;
   - The Fair Labor Standards Act ("FLSA");
   - The Employee Retirement Income Security Act (ERISA);
   - The Americans with Disabilities Act of 1990;
   - The Rehabilitation Act of 1973;
   - The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
   - The Occupational Safety and Health Act;
   - Chapter 760, Florida Statutes;
   - The Florida Private Whistle-blower's Act of 1991;
   - Chapter 11A of the Miami-Dade County Code; and
   - Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
   - Any public policy, contract, tort, or common law claim
   - Any claim for costs, fees, or other expenses, including attorneys' fees incurred in these matters.

1

SANDRA RAMIREZ

RAFAEL PEREZ
(Individually and as Corporate Rep)

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *SANDRA RAMIREZ v. RICO PAN, INC., RAFAEL PEREZ, and LIZ CABALLERO* Case No.: 19-CV-25241-CIV-WILLIAMS pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the mutual promises exchanged herein, Defendants shall pay the total sum of **Two Thousand Five Hundred Dollars** ($2,500.00) (the "Settlement Funds") as set forth below:

The Settlement Funds shall be disbursed to Plaintiff's Counsel, Saenz & Anderson, PLLC, within ten (10) days of the Court's approval of this AGREEMENT as follows:

i. Plaintiff shall receive the total amount of Nine Hundred and Ninety Five and 00/100 Cents ($995.00) payable to Plaintiff representing unpaid wages and liquidated damages owed to Plaintiff, to wit: $497.50 for Plaintiff for unpaid wages and $497.50 for liquidated damages; and

ii. One Thousand Five Hundred Five Dollars and 00/100 Cents ($1,505.00) payable to Plaintiff's Counsel, of which One Thousand Dollars and 00/100 cents ($1,000.00) represents attorneys' fees and Five Hundred Five Dollars and 00/100 cents ($505.00) represents costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Plaintiff shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice.

3. **Payment Default.** Should Defendants, jointly and severally, fail to make payment of the Settlement Funds as described above, or should any check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Jacob Auerbach Esq., jauerbach@gallup-law.com. In the event that Defendants, jointly and severally, fail to cure said breach within three (3) days of receiving the written notification, Plaintiff shall have the option of moving for a final default judgment entered against Defendants, jointly and severally, in the total amount of Eight Thousand Dollars and 00/100 Cents ($8,000.00), less payments made, or reinstating the action in the Court's docket. In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

4. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person and/or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS,

2

 SANDRA RAMIREZ

RAFAEL PEREZ
(Individually and as Corporate Rep)

or any other person. The amounts paid to Plaintiff equally apportioned between unpaid wages and liquidated damages, shall be included on Plaintiff's Form 1099 or W-2, as appropriate.

5. **Attorneys Not Tax Experts**. The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/she/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Covenant of Non-Solicitation**. Plaintiff agrees, warrants, and represents that she will not solicit or assist present or former employees of Defendants for the purpose of assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendants with any governmental agency or any court, except as required by law.

7. **Non-Admission Clause**. By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

8. **Mutual Non-Disparaging Remarks**. The individual parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

9. **No Re-Hire/No Reinstatement**. Plaintiff agrees to never apply for employment and/or seek independent contractor work with Defendants. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff acknowledges and agrees that she is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendants.

10. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates, rates of pay, and position held by Plaintiff while working for Defendants.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. In fact, the parties specifically make this agreement contingent upon the Court retaining jurisdiction to enforce the terms of this agreement. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law.

12. **Dismissal of Lawsuit.** Defendant's Counsel shall file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

3

SR SANDRA RAMIREZ                                                               RAFAEL PEREZ
                                                                    (Individually and as Corporate Rep)

13. **Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

17. **Voluntariness.** The parties certifies that that they have fully read, negotiated, and completely understands the provisions of this Agreement, that the parties has been advised by to consult with an attorney before signing the Agreement, and that the Parties are signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

SR Sandra Ramirez

SANDRA RAMIREZ

By: _____

Date: 2-19-2020

RAFAEL PEREZ

By: _____

Date: 02/24/2020

RICO PAN, INC.

By: _____
RAFAEL PEREZ
Its Authorized Agent

Date: 02/24/2020

LIZ CABALLERO

By: _____

Date: 02/24/2020

5